## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
### CIVIL ACTION NUMBER: 1:21-cv-16-GNS

**ELECTRONICALLY FILED**

**GLASGOW ELECTRIC PLANT BOARD**                              **PLAINTIFF**

**v.**

**TENNESSEE VALLEY AUTHORITY**                                **DEFENDANT**

### COMPLAINT

For its Complaint against the Defendant, Tennessee Valley Authority ("TVA"), the Plaintiff, Glasgow Electric Plant Board ("GEPB"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action to rescind and cancel certain purported agreements between GEPB and TVA and/or to restore GEPB's cancellation rights in and to the Long-Term Agreement that the parties purported to enter into in November 2019.

2. Plaintiff, the Glasgow Electric Plant Board ("GEPB"), is a municipal corporation established under Kentucky's Little TVA Act, KRS 96.550, *et seq.,* with its principal place of business in Barren County, Kentucky.

3. Defendant, Tennessee Valley Authority ("TVA"), is a corporate agency and instrumentality of the United States of America, created and existing under and by virtue of the Tennessee Valley Authority Act of 1933. Among TVA's business activities is the supply of wholesale electric energy, which it supplies in its commercial capacity to purchasers in Kentucky, Tennessee, Alabama, Mississippi, Georgia, North Carolina and Virginia. TVA's principal place of business is in Knoxville Tennessee and/or the Northern District of Alabama.

4. Subject matter jurisdiction properly lies in this Court under 28 U.S.C. §§ 1331, 1337, 1345 and 1349 because TVA is an agency of the United States, wholly owned by the United States, and because this case arises under the TVA Act, which is an Act of Congress regulating commerce. Alternatively, subject matter jurisdiction is proper in this case under 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. TVA is subject to the personal jurisdiction of this Court because the claims asserted in this action arise out of its acts of doing business in this Commonwealth.

6. Venue is proper in this District and Division because a substantial part of the events or omissions giving rise to the claims at issue in this case occurred in this District and Division and because GEPB resides in this District and Division.

7. Moreover, the Commonwealth of Kentucky has a compelling interest in the adjudication of this action as it raises matters arising under the Kentucky Constitution.

8. Since on or before September 22, 1980, pursuant to the August 27, 1980 Power Contract, Contract No. TV-55359A between GEPB and TVA ("the 1980 Power Contract"), TVA has supplied all of GEPB's electrical power requirements. Pursuant to Section 10 of the 1980 Power Contract, "TVA is hereby granted the privilege of using any electric lines of [GEPB]…"

9. On or around November 27, 2019, after well publicized debate and a 3-2 board vote, GEPB entered into a Long-Term Agreement with TVA ("the 2019 LTA") which purported, *inter alia,* to: (1) incorporate the provisions of the 1980 Power Contract, as amended, including Section 10 of that Contract, and (2) enlarge, to a 20 year term, the cancellation provision under the 1980 Power Contract, which prior to the 2019 LTA had allowed GEPB to cancel the Contract upon 5 years notice. Ignoring the pleas of the then minority board members, GEPB thus committed to

hundreds of millions of dollars of power purchases from TVA – the entirety of GEPB's electrical power requirements for a term of no less than 20 years – without retaining an independent consultant to advise it on the 2019 LTA and without considering any alternatives to the 2019 LTA. This commitment was subject, however, to an important escape hatch.

10. GEPB's long term obligations under the 2019 LTA were subject, *inter alia,* to GEPB's right to cancel the 2019 LTA, and to restore GEPB to its pre-2019 LTA position under the 1980 Power Contract if, *inter alia,* GEPB did not agree to a proposal, to be extended by TVA on or before October 1, 2021, to allow GEPB to take up to 5% of its electrical power requirements from alternative sources (TVA's so-called power supply flexibility solution). This cancellation right was subject to two conditions: (1) that it was exercised within 90 days of TVA's notice to GEPB of its power supply flexibility solution and (2) that GEPB would refund to TVA a portion of the credits earned by GEPB under the 2019 LTA.

11. The rights and privileges conferred on TVA under the 2019 LTA, including the right, for a term of years, to supply energy to GEPB and the right, for a term of years, to use GEPB's power lines, were never advertised or submitted for bid by GEPB. Moreover, the 2019 LTA was never approved by the Mayor or the City Council of the City of Glasgow.

12. On or around June 22, 2020, TVA sent a letter to GEPB purporting to notify GEPB that it was proposing a power supply flexibility solution to GEPB. The proposed solution was incorporated in a draft Flexibility Agreement submitted by TVA to GEPB on or around that same date.

13. Upon information and belief, TVA sent the June 22, 2020 notice to GEPB with the expectation that GEPB would reject same. This is so because it was widely publicized at the time that, because of a change in the membership of the Board of Director and for other reasons, a

majority of the members of GEPB's Board of Directors now favored limiting or terminating the 2019 LTA.

14. The Flexibility Agreement was executed, on July 6, 2020, by one member of GEPB's Board of Directors. Neither that draft Flexibility Agreement, nor the June 22, 2020 letter notifying GEPB of same, was ever provided to GEPB's Board of Directors. Indeed, a majority of GEPB's Board of Directors did not know that TVA had ever made the proposal which triggered GEPB's 90 day termination right until after that 90 days had passed.

15. The single GEPB Board of Directors member who executed the Flexibility Agreement was in the minority in favoring maintaining the 2019 LTA. This Board of Directors member executed the Flexibility Agreement without notifying the Board of Directors and, upon information and belief, he co-opted the management and staff of the GEPB not to notify the Board of Directors of TVA's June 22, 2020 letter or the Flexibility Agreement, for the express purpose of preventing GEPB's Board of Directors from taking action to cancel the 2019 LTA. Upon information and belief, TVA knew that he was doing so.

16. At the minimum, TVA was on notice, when it received the signed Flexibility Agreement and saw that GEPB was purporting to waive its termination right without seeking any further consideration from TVA, that the GEPB Board of Directors had not been apprised of the June 22, 2020 letter or the proposed Flexibility Agreement draft.

17. On November 25, 2020, immediately after the Board of Directors learned of the June 22, 2020 letter and the proposed Flexibility Agreement, GEPB's counsel wrote to TVA, advising TVA that GEPB's board had not been advised of the June 22, 2020 notice or the Flexibility Agreement proposal and requesting that TVA reinstate GEPB's 90 day evaluation period. TVA rejected GEPB's request.

18. The Flexibility Agreement remains wholly executory as of the date of this Complaint. Moreover, TVA has not relied to its detriment on the purported acceptance by GEPB of the Flexibility Agreement or on the passage of time since the June 22, 2020 letter.

## COUNT I

19. This is an action to rescind and cancel the 2019 LTA based on Section 164 of the Kentucky Constitution.

20. In support of this Count, GEPB realleges, as if fully incorporated herein, all of the preceding allegations in this Complaint.

21. Pursuant to Section 164 of the Kentucky Constitution, GEPB is not authorized to grant any franchise or privilege for a term of years without first advertising such franchise or privilege and receiving bids for same.

22. The 2019 LTA constitutes a franchise or privilege within the meaning of Section 164 of the Kentucky Constitution that was never advertised and for which bids were never solicited with respect to the rights provided for thereunder.

23. As a result, the 2019 LTA is null and void and should be ruled cancelled by this Court.

## COUNT II

24. This is an action to rescind and cancel the 2019 LTA based on the procurement requirements of the City of Glasgow.

25. In support of this Count, GEPB realleges, as if fully incorporated herein, all preceding paragraphs of this Complaint.

26. Pursuant to procurement standards governing and limiting GEPB contracting, the 2019 LTA required the approval of the Mayor and/or City Council of the City of Glasgow, and the GEPB was not authorized to enter into the 2019 LTA without such consent and approval.

27. The Mayor and the City Council of the City of Glasgow never approved the 2019 LTA.

28. In contracting with GEPB, TVA is by law on notice of any and all limitations in and to the contracting authority of GEPB.

29. As a result of the foregoing, the 2019 LTA is null and void, and/or voidable by GEPB, and GEPB would elect to invalidate that Agreement if the right to invalidate were found by this Court.

## COUNT III

30. This is an action for declaratory judgment to declare the 2019 LTA null, void and terminated.

31. In support of this Count, GEPB realleges, as if fully incorporated herein, all preceding paragraphs of this Complaint.

32. A real and live controversy and dispute exists in this case, in that GEPB contends that the 2019 LTA is subject to cancellation and, upon information and belief, TVA contends it is not.

33. As a result, this Court should enter its judgement declaring that the 2019 LTA is null and void and terminated.

## COUNT IV

34. This is an action to restore the 90 day cancellation period afforded to GEPB under the 2019 LTA.

35. In support of this Count, GEPB realleges, as if fully incorporated herein, paragraphs 1-18 of this Complaint.

36. Time was not of the essence in the 90 day cancellation provision set forth in Section 2(e) of the 2019 LTA.

37. Section 2(e) of the 2019 LTA contemplated that the notice by TVA to GEPB of the proposed flexibility solution that triggered GEPB's 90 day period to cancel the 2019 LTA would be communicated to GEPB's duly constituted governing board and would not be withheld from such board.

38. The Flexibility Agreement, which purported to waive GEPB's 90 day cancellation right, was executed by a single member of the GEPB Board of Directors without notice to a majority of the members of that Board.

39. Pursuant to Kentucky's Little TVA Act, KRS 96.550, *et seq.*, and other procurement requirements governing GEPB contracting, the Flexibility Agreement was executed without GEPB authority.

40. The GEPB Board of Directors has been deprived of the 90 day cancellation period for which it bargained in the 2019 LTA for reasons wholly beyond its control.

41. TVA knew or at the minimum was on notice of the fact that GEPB's Board of Directors had not been apprised of the June 22, 2020 letter or the draft Flexibility Agreement that TVA sent to GEPB.

42. It would be inequitable and oppressive to GEPB to hold GEPB to the strictures of the 90 day cancellation limits under the facts of this case.

43. TVA would not be prejudiced were GEPB's cancellation period under the 2019 LTA to be restored.

44. As a result, this Court should relieve GEPB of its purported non-compliance with the 90 day cancellation requirement in Section 2(e) of the 2019 LTA, and it should decree that the right to cancel the 2019 LTA is restored to GEPB.

## COUNT V

45. This is an action for declaratory judgment to declare that the 90 day cancellation period that GEPB bargained for in the 2019 LTA is restored to GEPB.

46. In support of this Count, GEPB realleges, as if fully incorporated herein, paragraphs 1-18 and 35-44 of this Complaint.

47. A real and live controversy and dispute exists in this case, in that GEPB contends that the 90 day cancellation period under Section 2(e) of the 2019 LTA should be restored and, upon information and belief, TVA contends it should not.

48. As a result, this Court should enter its judgment declaring that the 90 day cancellation period under Section 2(e) of the 2019 LTA is restored as of the date of the judgment.

WHEREFORE, GEPB demands as follows:

A. On Count I, that the 2019 LTA be rescinded and cancelled;

B. On Count II, that the 2019 LTA be rescinded and cancelled;

C. On Count III, that this Court enter its judgment declaring the 2019 LTA null and void and terminated;

D. On Count IV, that the 90 day cancellation period set forth in Section 2(e) of the 2019 LTA be restored to GEPB as of the date of the Court's judgment;

E. On Count V, that this Court enter its judgment declaring that the 90 day cancellation period set forth in Section 2(e) of the 2019 LTA be restored to GEPB as of the date of the Court's Judgment;

   F. An award to GEPB of its costs for prosecuting this action, including a reasonable attorney's fee;

   G. Such other relief as this Court deems just.

              Respectfully submitted,

              /s/ Barry D. Hunter
              Barry D. Hunter
              Warren J. Hoffmann
              Frost Brown Todd, LLC
              250 West Main Street
              Suite 2800
              Lexington, KY  40507
              Tel.:   (859) 231-0000
              Fax:   (859) 231-0011
              bhunter@fbtlaw.com
              whoffmann@fbtlaw.com

              Attorneys for Plaintiff

0146521.0739254   4852-3474-8120v1